

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 1, 1958

Hon. Jesse James
State Treasurer
Capitol Station
Austin, Texas

Dear Mr. James:

Opinion No. WW-407

Re: Under the provisions of Article
3183c, Vernon's Texas Civil Stat-
utes, is it necessary for claim-
ant requesting the refund of moneys
to institute suit and obtain a
court order before the State Treas-
urer can make payment of the money,
and related questions.

You have requested the opinion of this office in
answer to certain questions with reference to funds deposited
with the State Treasurer under the provisions of Article 3183c,
Vernon's Civil Statutes. Your first question is as follows:

"Is it necessary for claimant requesting
the refund of any such monies institute suit
and obtain a court order before the State
Treasurer can make payment of the money? If a
court order is not necessary, please advise
what proof of ownership the State Treasurer
should have before making payment."

The pertinent part of Chapter 251, Acts 52nd Legis-
lature, 1951, p. 393 (codified as Article 3183c, Vernon's Civil
Statutes) is as follows:

"Sec. 3. Whenever any person confined in
any State institution subject to the jurisdic-
tion of the Board for Texas State Hospitals and
Special Schools dies, escapes, or is discharged
or paroled from such institution, and any per-
sonal funds or property of such person remains
in the hands of the superintendent thereof, and
no demand is made upon said superintendent by
the owner of the funds or property or his legally
appointed representative, the superintendent shall
hold and dispose of such funds or property as fol-
lows: (a) Funds: The superintendent shall hold
the funds in the patients' personal deposit fund
for a period of three (3) years. If, at the end
of three (3) years, no demand has been made for

the funds, the superintendent shall turn the
said funds over to the State Treasurer.  The
State Treasurer shall hold the funds for a
period of five (5) years and if, at the end of
that five (5) year period, the funds have not
been demanded by the owner or a legal repre-
sentative, then the funds shall escheat to the
State and shall become a part of the General
Fund. . . ."

The statute in question does not require that the
claimant of a patient's personal deposit fund institute court
proceedings to obtain money on deposit with the State Treas-
urer which is legally the property of the owner and hence any
requirement that the claimant obtain an order of a court of
competent jurisdiction directed to the State Treasurer for
delivery of the claimant's or owner's funds would be without
legal authority.

Since the State Treasurer is made the legal custod-
ian of such funds, his possession may be defined to be that
of a statutory trustee and, as such, he is charged as a matter
of law with requiring satisfactory proof of the claimant's
right to the funds in question before he would be authorized
to deliver them to the owner or his authorized representative.

You have advised us that there are approximately
4,725 deposits of individual patient's funds held by you in ac-
cordance with Section 3, Article 3183c, V.C.S., and that, with
few exceptions, the individual amounts of such funds average
less than $5.00 per patient fund.  It would be manifestly un-
just and, in fact, it would be prohibitive, to require the
claimant or a legal representative of the claimant to make such
proof as would be required by the court in a legal proceeding,
since the expense of obtaining such proof would be many times
greater than the amount involved.

It is our opinion that the State Treasurer could re-
quire the owner or a legal representative to make proof by
affidavit of the claimant or a legal representative, together
with such corroborating affidavits from disinterested third
parties as the State Treasurer may deem necessary, that the
claimant of such funds is the owner or a legal representative
of the owner, to the satisfaction of the State Treasurer.  If
the amount is a large one the State Treasurer could properly
request that the claimant or the legal representative furnish
a personal bond to indemnify the State Treasurer in his official
capacity for any loss covered by the payment of the funds to a

person not legally entitled thereto. The furnishing of proof by affidavit would not entail an unnecessary or prohibitive expense on the part of the claimant-owner or a representative of the owner in obtaining the funds to which the owner thereof may be entitled under the provisions of the statute.

·Your second question is as follows:

"May funds so deposited that have been held by the Treasurer for more than the required five years period be deposited direct to the General Fund without escheat proceedings, or is it necessary that a court order be obtained to complete the escheat of these funds?"

Section 3, Article 3183c, V.C.S., provides that after the State Treasurer has held the funds for a period of five years and no demand has been made by the owner or a legal representative, "then the funds shall escheat to the State and shall become a part of the General Fund."

It is settled law in Texas that a judicial proceeding is necessary to effect an escheat. Wiederanders v. State, 64 Tex. 133 (1885); Branham v. Minear, 199 S.W.2d 841 (Civ.App. 1947, error ref.); Robinson v. State, 87 S.W.2d 297 (Civ.App. 1935, error dism.).

It is our opinion that court proceedings are necessary in order to complete the escheat of these funds to the State for deposit in the General Fund, and that you may not deposit them in the General Fund except by order of a court of competent jurisdiction.

## SUMMARY

It is not necessary for the owner of a patients' deposit fund deposited with the State Treasurer under the provisions of Article 3183c, V.C.S., to present a court order to the State Treasurer in order to receive the fund, but the claimant must furnish satisfactory proof to the State Treasurer as to ownership.

Patients' funds deposited with the State Treasurer under the provisions of Section 3, Article 3183c, V.C.S., and unclaimed after five years can only be escheated to the State through judicial proceedings.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

C. K. Richards
Assistant

CKR:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Cecil Rotsch
J. Mark McLaughlin
Milton Richardson
John H. Minton, Jr.

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert